UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY LUDY on behalf of GLENN LUDY, deceased, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:15-cv-00799-JAR |
| ENBRIDGE EMPLOYEE SERVICES, INC. and TODD HENDRICKS, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand (Doc. 15). The Motion is fully briefed and ready for disposition. For the following reasons, Plaintiff's Motion will be **GRANTED**.

## I. BACKGROUND

On May 5, 2015, Plaintiff Mary Ludy filed this action in the Circuit Court for the Twentieth Judicial Circuit, Franklin County, Missouri on behalf of her late husband, Glenn Ludy ("Mr. Ludy"), against Defendants Enbridge Employee Services, Inc. ("Enbridge"), Mr. Ludy's former employer, and Todd Hendricks ("Mr. Hendricks"), a manager at Enbridge and Mr. Ludy's direct supervisor, for violations of the Missouri Human Rights Act (Doc. 2). On May 15, 2015, Plaintiff filed a First Amended Petition (Doc. 3). In her First Amended Petition, Plaintiff alleges that while Mr. Ludy was an employee of Enbridge, he was diagnosed with colon cancer (*Id.* at 1). She further alleges that, as Mr. Ludy's cancer got worse, Mr. Hendricks "began subjecting him to comments about his disability, questioning his ability to continue working and finally placed him on a forced leave of absence" (*Id.*). Enbridge removed this action to federal

court on May 19, 2015, pursuant to 28 U.S.C. § 1332, prior to the proper service of Mr. Hendricks[1] (Doc. 1). On November 9, 2015, Plaintiff filed a Motion to Remand this case to the Circuit Court for the Twentieth Judicial Circuit, Franklin County, Missouri because the Parties are not diverse as both Plaintiff and Mr. Hendricks are citizens of the state of Missouri. Defendants respond that Plaintiff's Motion to Remand should be denied because Mr. Hendricks was not properly named in the Missouri Commission on Human Rights ("MCHR") charge of discrimination and is therefore fraudulently joined.

## II. ANALYSIS

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal–Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F.Supp.2d 927, 929 (E.D. Mo. 2002).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of

---

[1] According to Plaintiff, Mr. Hendricks was subsequently served on June 8, 2015 (Doc. 16 at 2).

citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the Plaintiff and Defendant Mr. Hendricks are citizens of the State of Missouri, defeating diversity jurisdiction. However, Defendants contend that this Court has jurisdiction because Plaintiff failed to name Mr. Hendricks in her MCHR complaint and, therefore, Mr. Hendricks has been fraudulently joined.

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.' " *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). "'[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Junk*, 628 F.3d at 446 (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (citation omitted)).

In this case, the Supreme Court of Missouri has held that "the failure to make [an individual] a party at the administrative action before the EEOC or the Missouri Commission on Human Rights ('MCHR') will bar suit against him only if it resulted in prejudice." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. banc 2009). "Because *Hill* holds that there are circumstances under which the case can proceed, despite the failure to name an individual defendant in the administrative charge, district courts have concluded that there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Parker v. Pinnacle Entm't, Inc.*, No. 4:14 CV 791 RWS, 2014 WL 3827232, at *2 (E.D. Mo. Aug. 4, 2014) (listing cases) (internal quotations omitted). Therefore, in light of the questionable sufficiency of

the complaint against non-diverse Defendant Mr. Hendricks, the Court will grant Plaintiff's Motion to Remand (Doc. 15).

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit, Franklin County, Missouri. A separate order of remand will accompany this Memorandum and Order.

Dated this 26th day of February, 2016.

_/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**